FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

6.20.2023

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 3:22-cr-131-TJC-MCR

PAUL STEVEN HULBERT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, PAUL STEVEN HULBERT, and the attorney for the defendant, Gonzalo Andux, Esq., mutually agree as follows:

**A.   Particularized Terms**

   1.   Count(s) Pleading To

   The defendant shall enter a plea of guilty to Count Three of the Indictment. Count Three charges the defendant with possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5861(d) & 5871.

   2.   Maximum Penalties

   Count Three is punishable by a maximum sentence of 10 years' imprisonment, a fine of not more than $250,000, or both a term of imprisonment and a fine, a term of supervised release of not more than

Defendant's Initials  PH                              AF Approval  MT

3 years, and a mandatory special assessment of $100 due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than 2 years' imprisonment, as well as the possibility of an additional term of supervised release.

3. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Three are:

<u>One</u>: the defendant possessed a firearm;

<u>Two</u>: the firearm was not registered to the defendant in the National Firearms Registration and Transfer record; and

<u>Three:</u> the defendant knew of the specification characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Records.

4. <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the defendant, Counts One, Two, and Four will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A). However, the defendant understands that the conduct giving rise to the charges set forth in these counts may be considered relevant conduct by the Probation Office and the Court in determining the defendant's sentence under the Sentencing Guidelines and under 18 U.S.C. § 3553.

Defendant's Initials    2

5. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise. The defendant understands that this recommendation or request

Defendant's Initials _PH_     3

is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

6. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.[1] The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

---

[1] On November 9, 2022, the assets previously identified in the forfeiture section of the Indictment, (Doc. 1), were administratively forfeited.

Defendant's Initials    4

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the

Defendant's Initials _PH_    5

defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that

Defendant's Initials _PH_    6

determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.   Standard Terms and Conditions**

    1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials     7

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities,

Defendant's Initials    8

if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States

Defendant's Initials _PH_            9

Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw

Defendant's Initials PH            10

defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the

Defendant's Initials    11

Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or

Defendant's Initials _PH_     12

to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by

Defendant's Initials _PH_            13

reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 20th day of May, 2023.

ROGER B. HANDBERG
United States Attorney

*signature*
PAUL STEVEN HULBERT
Defendant

*signature*
KEVIN C. FREIN
Assistant United States Attorney

*signature*
GONZALO ANDUX, ESQ.
Attorney for Defendant

*signature*
FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials PH

14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:22-cr-131-TJC-MCR

PAUL STEVEN HULBERT

### PERSONALIZATION OF ELEMENTS

### Count Three

1. From a date unknown, but at least through and including in or about May 16, 2022, in Clay County, in the Middle District of Florida, did you unlawfully possess a short-barreled shotgun, specifically, a shotgun with a barrel length of less than 18 inches, constituting a firearm as defined under federal law at 26 U.S.C. § 5845(a)?

2. Do you admit that the short-barreled shotgun was not registered to you in the National Firearms Registration and Transfer Record?

3. Were you aware of the specific characteristics or features of the short-barreled shotgun that made it subject to registration under the National Firearms Registration and Transfer Record?

Defendant's Initials _PH_                              15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:22-cr-131-TJC-MCR

PAUL STEVEN HULBERT

FACTUAL BASIS

On May 16th, 2022, a judge in Clay County, Florida issued a valid arrest warrant for Paul Steven Hulbert ("defendant") for violation of a lawfully issued "Injunction for Protection against Domestic Violence with Minor Children" ("Injunction"). The Injunction was issued by Circuit Judge Don H. Lester in the Circuit Court of the Fourth Judicial Circuit in Clay County, Florida in May 2021 and extended until September 2022. Among other terms of the court ordered Injunction which was personally served on the defendant were:

1. Firearms

    a. Respondent [defendant] shall not use or possess a firearm or ammunition.
    b. Respondent [defendant] shall surrender any firearms and ammunition in the Respondent's possession to the Clay County Sheriff's Department until further order of the court.

Later on May 16th, 2022, members of the Clay County Sheriff's Office ("CCSO") went to the defendant's residence in order to serve the arrest

Defendant's Initials _PH_

warrant. Upon arriving at the residence, the CCSO arrested the defendant on the arrest warrant and advised him of his constitutional rights. After voluntarily waiving his rights, the defendant stated in substance and among other things that he had several firearms in his residence. The defendant gave voluntary consent to search his residence, signing a CCSO "Voluntary Consent to Search" form. During the search the CCSO located multiple firearms that the defendant knew he was prohibited from possessing pursuant to the terms of the court ordered Injunction. The CCSO located:

    a.    Ithaca, hammerless, 12-gauge shotgun, a weapon made from a shotgun with a barrel of less than 18 inches in length, SN# 142557;

    b.    Norinco, SKS, 7.62 x 39 mm caliber, rifle, SN# 2202327P;

    c.    Savage Arms Inc., 62, .22 caliber long rifle, SN# 3276337;

    d.    Inter Ordnance of America LP (I.O. Inc.), AK 47-C, 7.62x39 caliber rifle, SN# 005061;

    e.    Colt, New Police, .32 caliber revolver with obliterated serial number;

    f.    Polymer80, PF940V2, 9mm pistol with no serial number, with Live Free Armory LS17 Upper with attached auto sear "Glock Auto Switch"; and

    g.    Matrix Aerospace Corp., M556-SC, multi-caliber, rifle, a weapon made from a rifle with a barrel of less than 18 inches in length, SN# SC556-13832.

Defendant's Initials _PH_	2

Follow up investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives) ("ATF") determined that the Ithaca, hammerless, 12 Gauge shotgun was illegally modified. ATF measured the 12 Gauge shotgun and determined it had a barrel length of less than 18 inches in length, as both barrels had been sawed off. ATF determined that the 12-gauge shotgun was not registered to the defendant in the National Firearms Registration and Transfer Record. ATF further determined that the defendant was convicted of domestic battery on or about October 26, 2021, by County Court Judge Timothy R. Collins in Case # 2021MM000936, in the County Court of the Fourteenth Judicial Circuit in Clay County, Florida.

On November 18, 2022, ATF arrested the defendant on the federal arrest warrant in Case # 3:22-cr-131-TJC-MCR. ATF SA Lifsey advised him of his constitutional rights. After voluntarily waiving his rights, the defendant stated in substance and among other things that he had several firearms in his residence in violation of the aforementioned court ordered Injunction. He knew that one of the firearms was the sawed-off shotgun. He stated that he should have surrendered them to law enforcement when advised to under the terms of the Injunction, but did not. He did not cut the barrels off the 12 Gauge shotgun. He bought it with the barrels already sawed off.

Defendant's Initials _PH_                3